IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

CARLOS VARGAS-TORRES, et al.,

    Plaintiffs,

        v.

PEDRO TOLEDO-DÁVILA, et al.,

    Defendants.

CIVIL NO.: 07-2002 (FAB/MEL)

**OPINION AND ORDER**

**I.    PROCEDURAL BACKGROUND**

On June 4, 2009, the court ordered plaintiffs to file a motion to compel, no later than June 11, 2009, regarding discovery requests that have allegedly not been answered by defendants. (Docket 187-2 at 2.) The court further ordered defendants to file an opposition to plaintiffs' motion to compel no later than June 18, 2009. Id. The court mandated that both the motion and opposition must be specifically identify each discovery request, state when each discovery request was served or answered, and support each specification by citation to attached exhibits. Id. On June 11, 2009, plaintiffs filed the motion to compel. (Docket 190.) Defendants have not filed any opposition to plaintiffs' motion to compel. Therefore, plaintiffs' motion to compel is deemed unopposed.

**II.    LEGAL ANALYSIS**

    **A.    Production of Documents Related to Defendants' Expert Witness**

Plaintiffs claim that defendants have not complied with their disclosure duties under Fed. R. Civ. P. 26(a)(2) related to defendants' expert witness, Dr. Raul López ("López"). Specifically, plaintiffs claim that defendants have refused to provide information regarding the compensation of López, the data or information on which López bases his conclusions regarding the present case, and a list of cases in which López has testified as an expert. (Docket 190 at 4.) Federal Rule of Civil

Vargas-Torres, et al. v. Toledo-Dávila, et al.
Civil No.07-2002 (FAB/MEL)
Opinion and Order

Procedure 26(a)(2)(B) requires that a party's written expert witness report "must contain: . . . the data or other information considered by the witness in forming [his] opinions; . . . a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and . . . a statement of the compensation to be paid for the study and testimony in the case."

Plaintiffs attach an e-mail dated May 13, 2009, in which plaintiffs' counsel notified defendants' counsel of the aforementioned deficiencies in the information provided regarding defendants' expert. (Docket 190-6) The deadline set by the court for the production of expert reports has long passed and the evidence submitted by plaintiffs suggests that defendants have not submitted the information required by Fed. R. Civ. P. 26(a)(2)(B). (See Docket 140; Docket 190-6.) Given defendants' substantial lack of required disclosure in connection with López's expert witness report, defendants are hereby precluded from presenting López's expert testimony at trial. See Santiago-Díaz v. Laboratorio Clinico y de Referencia del Este, 456 F.3d 272, 277-78 (1st Cir. 2006) (affirming a district court's preclusion of an expert witness for, *inter alia*, not submitting a proper expert witness report).

**B.     Defendants' Answers to Interrogatories**

Plaintiffs claim that defendants' answers to a number of interrogatories are unresponsive and/or evasive. Fed. R. Civ. P. 33(b)(3) states that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." If the responding party has any objection to an interrogatory, "[t]he grounds [for such objection] must be stated with specificity." Fed. R. Civ. P. 33(b)(4). Although a responding party is not required to "perfect [an opponent's] litigating strategy" or reconstruct unclear interrogatories, "the spirit of the Civil Rules requires that

2

<u>Vargas-Torres, et al. v. Toledo-Dávila, et al.</u>
Civil No.07-2002 (FAB/MEL)
Opinion and Order

a party be responsive, complete, and forthcoming in its answer . . . ." <u>Steir v. Girl Scouts of the USA</u>, 383 F.3d 7, 14 (1st Cir. 2004) (citing <u>Fusco v. General Motors Corp.</u>, 11 F.3d 259, 265 (1st Cir. 1993). Many cases "suggest that when the answers as a whole disclose a conscientious endeavor to understand the questions and to answer fully those questions as are proper, the rule has been satisfied." <u>See</u>  8A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2177 (2d ed. 1994). The court takes each interrogatory and respective answers in turn.

### 1. Interrogatories 3, 16(e), and 16(f)

Interrogatory 3 appears as follows:

> State the name and present or last known physical and business address of any person whom you or your attorneys believe have or purport to have any knowledge or information pertaining to the allegations and/or Defenses raised by defendants in this Complaint. For each such person, provide a detailed summary of their purported knowledge, and indicate whether said person has provided a statement, sworn or unsworn, to that effect.

(Docket 190-2 at 3.) Interrogatories 16(e) and 16(f) request similar information, but specifically limit their scope to police officers that participated in the planning or execution of the alleged police intervention. (Docket 190 at 6.) Plaintiff claims that the answers of Pedro Toledo-Dávila ("Toledo-Dávila"), Robert Martínez-Medina ("Martínez-Medina"), and José Miguel Figueroa-Andújar ("Figueroa-Andújar") are unresponsive because defendants do not provide the names of all police personnel that participated in the conduct alleged in the complaint, state the addresses of the individuals identified in the answers, or include a summary of the purported knowledge possessed by the individuals identified in the answers. <u>Id.</u>

3

Vargas-Torres, et al. v. Toledo-Dávila, et al.
Civil No.07-2002 (FAB/MEL)
Opinion and Order

This appears to be information that encompassed by Fed. R. Civ. P. 26(a) ("Rule 26(a)") initial disclosures. See Fed. R. Civ. P. 26(a). On May 1, 2008, both parties informed the court that they had complied with their respective initial disclosures pursuant to Rule 26(a). (Docket 35 at 1.) The court, therefore, will not reopen the matter of initial disclosures at this stage of the discovery process. Notwithstanding, if defendants neglected to identify a potential witness or provide the required information in their initial disclosures, defendants will "not [be] allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." See Fed. R. Civ. P. 37(c)(1). Therefore, the motion to compel with regard to Interrogatories 3, 16(e), and 16(f) is DENIED.

### 2. Interrogatory 7

Interrogatory 7 requests a detailed employment history from defendants. (Docket 190-2 at 5.) Plaintiffs challenge only the answer of Toledo-Dávila, stating that it is unresponsive and incomplete. (Docket 190 at 7.)[1] In response to the interrogatory, Toledo-Dávila answered "Superintendent of Police Department." (Docket 190-4 at 1.) The relevancy of Toledo-Dávila's employment history to the present case is not apparent. Neither do plaintiffs make any attempt to explain the relevancy of Interrogatory 7 in the case of Toledo-Dávila. Therefore, the motion to compel with regard to Interrogatory 7 is DENIED.

### 3. Interrogatories 8 and 12

Interrogatories 8 and 12 request information regarding investigation of defendants' conduct

---

[1] As plaintiffs do not specifically identify any other objectionable answers, the court declines to address them.

4

Vargas-Torres, et al. v. Toledo-Dávila, et al.
Civil No.07-2002 (FAB/MEL)
Opinion and Order

as police officers and work schedules as police officers respectively. (Docket 190-2 at 5, 7.) Ordering defendants to answer these interrogatories would be tantamount to ordering the production of documents in the possession of the Puerto Rico Police Department ("PRPD"). See id. at 5, 7, 11-12. The production of said documents has already been addressed and resolved by this court. (See Docket 149; Docket 157; Docket 181; Docket 196.) Plaintiffs were given ample opportunity to request these documents and file a proposed order in a timely fashion. (See Docket 181 at 1-2.) Therefore, the motion to compel with regard to Interrogatories 8 and 12 is DENIED.

### 4.     Interrogatory 16

Plaintiffs argue that the answers of Martínez-Medina and Figueroa-Andújar are unresponsive as to subpart "d" of Interrogatory 16, which requests the date, place, and time in which the information upon which the police intervention in the present case was received. (Docket 190-2 at 7.) Martínez-Medina and Figueroa-Andújar stated that the information was received in the afternoon of October 16, 2006. (Docket 191-2 at 11.)[2] The answer from Martínez-Medina and Figueroa-Andújar is incomplete inasmuch as it does not address the part of the interrogatory requesting information as to the place at which said information was received. (See Docket 191-2 at 11.) Therefore, Martínez-Medina and Figueroa-Andújar are ORDERED to submit by July 10, 2009, revised answers to subpart "d" of Interrogatory 16 specifically addressing the place at which the information upon which the police

---

[2]Although plaintiffs listed Toledo-Dávila's answer to Interrogatory 16 as well, their challenge appears to be directed only at the answer provided by Martínez-Medina and Figueroa-Andújar. (See Docket 190 at 8.) Plaintiffs' objection to the answers to this interrogatory characterize the unresponsiveness as to the lack of information regarding the place where the information was allegedly received. See id. The answer given by Martínez-Medina and Figueroa-Andújar provides all information requested by subpart "d", with the exception of the place the information was allegedly received. (Docket 191-2 at 11.) Toledo-Dávila responded to all requests within subpart "d" of Interrogatory 16 by stating that "[t]o the best of his knowledge [he does] not remember." (Docket 190-4 at 2.)

5

Vargas-Torres, et al. v. Toledo-Dávila, et al.
Civil No.07-2002 (FAB/MEL)
Opinion and Order

intervention in the present case was received.

### 5. Interrogatory 17

Plaintiffs challenge the answers of Martínez-Medina and Figueroa-Andújar to Interrogatory 17, specifically subparts "a", "b", and "d", which appear as follows:

> For each police officer that participated in the police intervention subject to this complaint, specify
> a. name, address, telephone number and position
> b. name, address, telephone number and position of supervisor . . .
> d. Describe in detail responsibilities held before, during and after the operative subject to this Complaint.

(Docket 190-2 at 7-8.) Subparts "a" and "b", much like Interrogatories 3, 16(e), and 16(f), primarily request information covered by initial disclosures under Rule 26(a), the only exception being the position of each police officer and supervisor identified. See Fed. R. Civ. P. 26(a); (Docket 190-2 at 7-8.) Therefore, the motion to compel with regard to these subparts of Interrogatory 17 is GRANTED IN PART AND DENIED IN PART. Martínez-Medina and Figueroa-Andújar are ORDERED to submit by July 10, 2009, revised answers to subparts "a" and "b" of Interrogatory 17 only as to the identification of the position of each police officer that participated in the alleged police intervention and the position of each such police officer's supervisor. As to all other information requested in subparts "a" and "b" of Interrogatory 17, the court reiterates its ruling as stated regarding Interrogatories 3, 16(e), and 16(f).

As to subpart "d", plaintiffs claim that defendants "[f]ailed to submit responsive and specific answers regarding [the officers'] responsibilities." Of the officers identified in their answer, Martínez-Medina and Figueroa-Andújar stated that "[t]hey were investigative agents" that investigated

6

<u>Vargas-Torres, et al. v. Toledo-Dávila, et al.</u>
Civil No.07-2002 (FAB/MEL)
Opinion and Order

"complaints received pertaining to the traffic of illegal weapons." (Docket 191-2 at 11-12.)[3] This answer appears to be sufficiently forthcoming and responsive because it discloses the job category and responsibilities of the agents identified by Martínez-Medina and Figueroa-Andújar as participating in the "police intervention subject to this complaint" for the time period relevant to said police intervention. Therefore, the motion to compel with regard to subpart "d" of Interrogatory 17 is also DENIED.

**6.     Interrogatory 20**

Interrogatory 20 appears as follows:

> Provide in detail, the instructions, and/or information concerning general policies you have received as a police officer concerning the following:
> a. Use of force
> b. Civil citizens' right to privacy
> c. Searches and Seizures with or without warrants
> Provide copies of any and all documents reflecting such instructions and/or general policies.

(Docket 190-2 at 8.) Plaintiffs claim that Martínez-Medina and Figueroa-Andújar "failed to identify with any reasonable specificity any of the seminars/trainings and produce any of the documents requested supportive of their answer." (Docket 190 at 9.) Martínez-Medina and Figueroa-Andújar primarily state that they have attended "[v]arious seminars" and "received training in the Puerto Rico Police Academy." (Docket 191-2 at 13.) They also specifically refer to two "General Orders" as

---

[3]As in their discussion of Interrogatory 16, plaintiffs also listed Toledo-Dávila's answer to Interrogatory 17. Once again, however, their challenge appears to be directed only at the answer provided by Martínez-Medina and Figueroa-Andújar. (<u>See</u> Docket 190 at 8.) Plaintiffs' objection to the answers to this interrogatory are geared toward the disclosure of information as to officers identified by defendants. <u>See id.</u> Martínez-Medina and Figueroa-Andújar specifically identified two police officers in their answer to Interrogatory 17. (<u>See</u> Docket 191-2 at 10-11.) Toledo-Dávila did not identify any officers, but responded to all subparts of Interrogatory 17 by stating that "[t]o the best of his knowledge [he does] not remember." (Docket 190-4 at 2.)

7

<u>Vargas-Torres, et al. v. Toledo-Dávila, et al.</u>
Civil No.07-2002 (FAB/MEL)
Opinion and Order

information provided to them by the PRPD on the topics identified in Interrogatory 20. <u>Id.</u>

The vague references made by Martínez-Medina and Figueroa-Andújar to "[v]arious seminars" and "training in the Puerto Rico Police Academy" do not answer Interrogatory 20 in any responsive, meaningful way. <u>See id.</u> Therefore, Martínez-Medina and Figueroa-Andújar are hereby ORDERED to submit by July 10, 2009, revised answers to Interrogatory 20 specifying which seminars they have attended and what type of training they have received with regard to use of force, citizens' right to privacy, and searches and seizures without warrants. Furthermore, Martínez-Medina and Figueroa-Andújar are ORDERED to produce by July 10, 2009, the "General Order related to the use of force" and "General Order of the PR Police #98-16".

### 7.     Interrogatory 21

Interrogatory 21, like Interrogatories 3, 16(e), and 16(f), requests contact information of persons with knowledge related to the case adequately covered by Rule 26(a) initial disclosures and the court's amended case management order. <u>See</u> Fed. R. Civ. P. 26(a); (Docket 23 at 9; Docket 187.) Therefore, the motion to compel with regard to Interrogatory 21 is DENIED.

### 8.     Interrogatory 26

Interrogatory 26 appears as follows:

> Identify every lawsuit or legal action (including criminal, civil, and bankruptcy) in which you have participated since 1990 to the present, whether as a juror, witness, party, or other type of participant; an [sic] with respect to each such lawsuit, state the nature of your participation, the full caption of the lawsuit or legal action, the court in which the lawsuit or legal action was filed, the court file number, the dates on which the lawsuit or legal action was filed, the nature of the issues in the lawsuit or legal action, and the outcome of the lawsuit or legal action.

(Docket 190-2 at 10.) Plaintiff challenges only the answer of Figueroa-Andújar, claiming that his

Vargas-Torres, et al. v. Toledo-Dávila, et al.
Civil No.07-2002 (FAB/MEL)
Opinion and Order

answer is unresponsive and evasive. (Docket 190 at 10.) Figueroa-Andújar stated that he has been a party in approximately six lawsuits. (Docket 191-2 at 16.) Figueroa-Andújar, however, did not provide the caption, forum, and case number for each of the six lawsuits to which he claims to have been a party. (See Docket 191-2 at 16.) Figueroa-Andújar is ORDERED to submit, by July 10, 2009, a revised answer including this information.

    **9.    Interrogatory 27**

Plaintiffs claim that the answers of Toledo-Dávila, Martínez-Medina, and Figueroa-Andújar to subpart "d" of Interrogatory 27 are evasive and unresponsive. (Docket 190 at 10.) Subpart "d" requests defendants to "[s]tate whether any of the plaintiffs had a legal license to possess" the weapons seized during the police intervention alleged in the complaint. (Docket 190-2 at 10.) None of the answers provided by Toledo-Dávila, Martínez-Medina, and Figueroa-Andújar directly respond to subpart "d". Martínez-Medina and Figueroa-Andújar refer to a "receipt of occupied property." Toledo-Dávila states that "[t]o the best of his knowledge [he does] not remember." (Docket 190-4 at 2.) Therefore, Toledo-Dávila, Martínez-Medina, and Figueroa-Andújar are hereby ORDERED to submit by July 10, 2009, revised, responsive answers to subpart "d" of Interrogatory 27.

    **C.    Production of Documents in the Possession of the PRPD**

Plaintiffs claim that defendants have not complied with requests for production of documents, specifically referring to their "First Request for Production of Documents and/or Tangible Things." (Docket 190 at 11-13; Docket 190-3.) The documents identified, however, have been the subject of previous requests for orders regarding production of documents by the PRPD, all of which have been ruled upon by the court. (See Docket 147; Docket 147-2; Docket 149; Docket 153; Docket 157;

9

<u>Vargas-Torres, et al. v. Toledo-Dávila, et al.</u>
Civil No.07-2002 (FAB/MEL)
<u>Opinion and Order</u>

Docket 178; Docket 181; Docket 186; Docket 196.) Therefore, the parties are referred to the most recent ruling on the subject, (Docket 196), in which the court denied plaintiff's request for an order with regard to these documents, with the exception of the disciplinary records of Francisco Carbo-Marty.

### III.   CONCLUSION

For the reasons explained above, the motion to compel, (Docket 190), is GRANTED IN PART AND DENIED IN PART. Specifically, defendants are precluded from presenting López's expert testimony at trial. Toledo-Dávila is ORDERED to submit a revised answer to Interrogatory 27 as specified above. Martínez-Medina is ORDERED to submit revised answers to subpart "d" of Interrogatory 16, subparts "a", "b", and "d" of Interrogatory 17, Interrogatory 20, and Interrogatory 27 as specified above. Figueroa-Andújar is ORDERED to submit revised answers to subpart "d" of Interrogatory 16, subparts "a", "b", and "d" of Interrogatory 17, Interrogatory 20, Interrogatory 26, and Interrogatory 27 as specified above. Martínez-Medina and Figueroa-Andújar are ORDERED to submit copies of the General Orders identified in their answer to Interrogatory 20 as specified above. The motion to compel, (Docket 190), is DENIED in all other respects. In view of the rulings made in this opinion and order, the deadline for the conclusion of all depositions is extended to July 17, 2009.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 26th day of June, 2009.

s/Marcos E. López<br>
U.S. MAGISTRATE JUDGE

10