IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CARLOS VARGAS TORRES, et al.,<br><br>    **Plaintiffs**,<br><br>                    **v.**<br><br>PEDRO TOLEDO, et al.,<br><br>    **Defendants.** | **Civil No.** 07-2002 (FAB) |

**MEMORANDUM AND ORDER**

BESOSA, District Judge

On October 13, 2009, a jury reached a verdict in favor of plaintiffs. (Docket No. 328)  On November 2, 2009 defendants filed a post-judgment motion pursuant to Rules 50(b) and 59 of the Federal Rules of Civil Procedure. (Docket No. 334)  At issue is the timeliness of the defendants' post-judgment motion.

Motions pursuant to Rules 50(b) and 59 must be filed within ten (10) days "after the entry of judgment." See Fed.R.Civ.P. 50(b) and 59(e).  The parties contest the "entry" date of the judgment in this case.  The timeliness of the post-judgment motion depends on whether the judgment was entered on October 13, 2009, as plaintiffs maintain, or on October 19, 2009, as defendants maintain.  Rule 6(b), which sets forth requirements for computing and extending time for motion papers instructs a court to "exclude intermediate Saturdays, Sundays, and legal holidays when the period [allowed for filing] is less than 11 days" as it is in this

Civil No. 07-2002 (FAB)                                                     2

instance. Fed.R.Civ.P. 6(a).[1] Rule 6(a) also forbids a court from extending the time to file a motion under Rules 50(b) and 59(b), (d), and (e), among others.  Accordingly, if the judgment was entered on October 13, 2009, the defendants would have been required to file their post judgment motions pursuant to Rules 50(b) and 59 no later than October 27, 2009.

The defendants argue correctly that "[d]etermining the date of entry is critical for motion practice under the Federal Rules of Civil Procedure."  (Docket No. 356 at 2)  According to Rule 58(b), a judgment is deemed entered "when it is entered in the civil docket" maintained by the clerk's office.  Fed.R.Civ.P. 58(b).  The logic contained in Rule 58(b) is frustratingly circuitous, leading back to the same question:  what does "entered" mean?  Many circuit courts of appeal have attempted to clarify the correct methodology for determining the timing of a judgment's entry for the purposes of determining when the clock starts to tick on motion filings in an electronic system like Case

---

[1] The Court notes that on December 1, 2009, Rule 6 has changed.  Now, weekend days and holidays count toward the new 28-day filing allowance in Rule 50(b) and 59(e).

Civil No. 07-2002 (FAB)                                                  3

Management/Electronic Case Filing system ("CM/ECF")[2], however, the First Circuit Court of Appeals has not.

The judgment in this case, docket number 332, was filed on "10/13/09." The docket text (Docket No. 332) contains *exactly* the following language:

> JUDGMENT in favor of Plaintiffs against Defendants. Signed by Clerk on 10/13/2009. (grf) Modified on 10/19/2009 to remove "court only" restriction. (ni). (Entered: 10/19/2009)

In a case cited by defendants, the Third Circuit Court of Appeals explained that "Rules 58 and 79 make clear that 'entry' is the formal act of adding the judgment or order to the clerk's docket, and that the date of entry must be memorialized by a separate notation." U.S. v. Fiorelli, 337 F.3d 282, 287 (3rd Cir. 2003). The Third Circuit Court of Appeals explained, "although an order may be signed by the district court, received by the clerk, and entered in the docket on different days, the entry date controls." Id. In a case also cited by the defendants, however, the Second Circuit Court of Appeals stated that "Some, *but not*

---

[2] District courts began to use an electronic docketing system called Case Management/Electronic Case Filing system ("CM/ECF") in 2002. CM/ECF allows the court to maintain case documents electronically and allows parties involved in litigation proceedings to file documents electronically with the Court. For each case filed in the system, a table appears which organizes the case documents and orders, among other things, in an organized manner. From left to right, the table columns contain: (1) the filing dates of the documents and orders; (2) the docket numbers pertaining to each document or order; and (3) the "docket text" which gives a title or explanation to each document or order.

*all*, docket entries include a notation that explicitly shows the date the document was *entered*." Houston v. Greiner, 174 F.3d 287, 288 (2d Cir. 1999) (emphasis in original). "Whenever the entry date for a document docketed in a civil case is the same as the filing date, the docket sheet does not show an explicit notation of an entry date." Id. at 289.

Here, the civil docket for this case (07-2002) in the CM/ECF system shows that the clerk filed the judgment on October 13, 2009, as illustrated by the left-hand corner entry where filing dates are listed on the docket. Further, the docket text itself contains a clear statement that the judgment was "signed by Clerk on 10/13/2009." Defendants argue that the notation contained in the final parenthetical of the docket text, "(Entered: 10/19/2009)" is "an explicit notation of the date of entry of the judgment, with the further explanation that it was modified to remove the court only restriction from the judgment filed on October 13th, but entered on October 19th." (Docket No. 356 at 3)

The Court disagree. It is plain by looking at the language of the docket text that there were two separate moments when text was entered in Docket Number 332. This district's technical staff confirms that the letters contained by parentheticals following docket text refer to the individual who entered that text and that those initials are always placed in parentheticals at the end of the docket text language. In this case's Docket Number 332, there

Civil No. 07-2002 (FAB)                                                    5

are two such instances of initials:  following the first sentence of the docket text language, and following the second sentence of the docket text language.  Again, to be clear, that language reads as follows:

> JUDGMENT in favor of Plaintiffs against Defendants. Signed by Clerk on 10/13/2009.  (grf)  Modified on 10/19/2009 to remove "court only" restriction.  (ni) (Entered: 10/19/2009)

The language "JUDGMENT in favor of Plaintiffs against Defendants.  Signed by Clerk on 10/13/2009" was filed at one time by someone identified as "grf."  The language "Modified on 10/19/2009 to remove 'court only' restriction" was filed by another individual identified as "ni."  The parenthetical that contains "Entered:  10/19/2009" clearly refers to the language added by the second individual to the docket text on October 19, 2009.  Defendants are therefore correct that an explicit entry date notation, like this one, controls the entry date; they are simply overbroad in their application of the explicit entry date notation.  The explicit entry date notation in Docket Number 332 refers only to the entry of the modification, not to the entry of judgment.  The entry of judgment ends with the initials "grf" and is followed by no explicit entry notation.  It follows that, as the Second Circuit Court of Appeals explained, "[t]he person reading the docket sheet is supposed to infer that the absence of an explicit notation of an entry date means that the document,

Civil No. 07-2002 (FAB)                                                    6

*e.g.*, the judgment, was entered on the filing date shown in the left-hand column of the docket sheet."  Id.  That date, like the date the entry was signed by the clerk, and like the date that the jury returned its verdict, was October 13, 2009.

Defendants also argue that the judgment's entry date was October 19, 2009 because the document filed on October 13, 2009 was a "court-only" restricted document, meaning that defendants were not notified of the judgment's filing via CM/ECF's automated notification system.  As defendants explain, "Such restriction did not allow the parties access to the document itself; therefore the Defendants were not aware of the actual date of entry."  (Docket No. 356 at 3)  Defendants are incorrect.

First, "the failure of the clerk to give notice is not a ground, by itself, for a finding of excusable neglect, but is a factor to be considered along with other circumstances."  Zurich Ins. Co. v. Wheeler, 838 F.2d 338,340 (9th Cir. 1988) (internal citation omitted); U.S. ex rel. McAllan v. New York, 248 F.3d 48, 53 (2d Cir. 2001) ("appellant's failure to file a timely notice of appeal is not excused by what he characterizes as the 'serious administrative errors' and docketing irregularities of the Southern District's clerk's office, because parties have an obligation to monitor the docket sheet to inform themselves of the entry of orders they wish to appeal.") (internal citation omitted); see also Bortugno v. Metro-North Commuter RR, 905 F.2d

674, 676 (2d Cir. 1990) (failure of court clerk to send notice of entry of judgment does not render counsel's failure to learn of entry "excusable neglect" within meaning of Fed.R.App.P. 4(a)(5) such that extension of time in which to file notice of appeal is justified). A similar principle guides Rule 77(d) regarding the impact of lack of notice on time to appeal: "Lack of notice of the entry [of judgment] does not affect the time for appeal or relieve – or authorize the court to relieve – a party for failure to appeal within the time allowed . . ." Fed.R.Civ.P. 77(d).

Second, attorneys have an affirmative duty to monitor the electronic docketing system for the entry of new filings and orders. See Santiago-Diaz v. Laboratorio Clinico y de Referencia del Este, 456 F.3d 272, 276 n.3 (1st Cir. 2006). Witty v. Dukakis, 3 F.3d 517, 520 (1st Cir. 1993) ("[P]arties to an ongoing case have an independent obligation to monitor all developments in the case and cannot rely on the clerk's office to do their homework for them"); Brown v. Zerek, No. 98-5097 WL 738340, *1 (10th Cir. Oct. 22, 1998); In re Delaney, 29 F.3d 516, 518 (9th Cir. 1994); see also Fox v. Am. Airlines, Inc., 389 F.3d 1291, 1294 (D.C.Cir. 2004) (holding that attorneys are "obligated to monitor the court's docket" and the failure to do so will not excuse an untimely filing).

Thirdly and finally, it is well-established that "the time for seeking a new trial runs from the entry of the judgment, not

Civil No. 07-2002 (FAB)                                                    8

from the reception of the verdict *nor from the date the moving party received notice of the entry of judgment*."  11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2812 (2d ed. 1995) (emphasis added).[3]  "It is the date of filing that controls."  Id.

   Regardless of whether the defendants received notice that an entry of judgment was entered into the case docket, and regardless of why they did not receive notice, it was their ongoing responsibility to monitor the docket.  Considering the particular circumstances here, defendants' failure to monitor the docket is particularly egregious because the jury verdict in this case was reached on October 13, 2009, and defendants should therefore have been especially vigilant in their oversight of the docket to keep an eye out for the predictable entry of a judgment.  Indeed, had they monitored the docket, they would have seen the entry of judgment in Docket Number 332.

   The Court agrees with the plaintiffs that the judgment in this case was entered on October 13, 2009 at Docket Number 332 and that the 10-day allowance to file post-judgment motions began on the date of entry regardless of the fact that the defendants were not able to access the underlying document due to the "court-only" restriction mistakenly placed on that docket entry.  Not only

---

   [3] Prior to Rule 59's amendment in 1995 it was the date of service, not the time of filing, that was significant.  Id.

Civil No. 07-2002 (FAB)                                                9

should the defendants have been monitoring the docket given that a verdict had been recently reached, they should have noted, had they been monitoring the docket, that the judgment was originally entered into the docket on October 13, six days prior to the modification date.  Defendants' decision to file their post-judgment motions according to the October 19th timeline was therefore a gamble they took on knowingly at best, or an attempt to take advantage of an administrative error at worse.

For these and the above-stated reasons, the Court **DENIES** the defendants' post judgment motion (Docket No. 334).  Plaintiffs' motion to strike defendants' post judgment motion (Docket No. 355) is considered as an opposition to defendants' post judgment motion and is deemed **MOOT**.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, December 7, 2009.

s/ Francisco A. Besosa  
FRANCISCO A. BESOSA  
UNITED STATES DISTRICT JUDGE